# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

TOMEKA HARDY,  )
              )
    Plaintiff,  )
              )
v.            )   CIVIL ACTION 10-0485-WS-M
              )
AMBIKA, LLC d/b/a CAPTAIN'S  )
CORNER EXXON,  )
              )
    Defendant.  )

## ORDER

This matter comes before the Court on defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (doc. 7).

Defendant seeks dismissal of plaintiff's employment discrimination claims under Title VII and the Americans with Disabilities Act based on its contention that it lacks the requisite 15 employees needed to qualify as an "employer" within the ambit of those statutes. On October 21, 2010, the undersigned entered an Order (doc. 14) denying the Rule 12(b)(6) aspect of defendant's Motion on the grounds that it "relies on matters outside the pleadings and asks the Court to find that a direct factual allegation in the Amended Complaint is incorrect." (Doc. 14, at 2.) As for defendant's alternative request that its Motion to Dismiss be converted into a Rule 56 Motion pursuant to Rule 12(d), Fed.R.Civ.P., so that defendant's evidence beyond the four corners of the pleadings might be considered, the Court allowed both parties a reasonable opportunity to be heard on the propriety of utilizing such a procedure in this case.

Plaintiff responded by filing a Notice (doc. 15) wherein she requested "to be allowed to conduct at least initial discovery to determine the actual number of employees of the named defendant" and stated her "good faith belief based upon first hand information … that Ambika, LLC, possesses at minimum the requisite fifteen (15) employees." (Doc. 15, ¶¶ 2-3.) Plaintiff's Notice establishes that she harbors a good-faith belief that defendant possesses sufficient employees to qualify as an "employer" for Title VII and ADA purposes, but that she requires the benefit of discovery on this topic in order to explore this issue fully and to respond to the Motion

on the merits. Plaintiff also raises questions about whether defendant may be aggregated with certain other related entities for purposes of "employer" status pursuant to principles articulated in *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1341 (11th Cir. 1999). The bottom line is that without discovery, plaintiff says, she neither possesses nor can reasonably acquire necessary evidence concerning the correct number of employees of defendant for Title VII purposes.

In response to plaintiff's submission, defendant has chosen to remain silent, offering no legal argument why plaintiff's stated concerns should be overridden or brushed aside in favor of converting the Motion to Dismiss into a Rule 56 Motion that plaintiff is ill-equipped to address without the benefit of at least preliminary discovery. The court-ordered deadline for defendant to be heard on this issue has now expired.

Under the Federal Rules of Civil Procedure, "If, on a motion under Rule 12(b)(6) …, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Rule 12(d), Fed.R.Civ.P. Significantly, it is not mandatory that the Court consider the Patel Affidavit and convert the motion into one for summary judgment simply because Ambika so requested. The decision of whether or not to do so is a matter of discretion. *See Harper v. Lawrence County, Ala.*, 592 F.3d 1227, 1232 (11th Cir. 2010) ("A judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings."); *Jones v. Automobile Ins. Co. of Hartford, Conn.*, 917 F.2d 1528, 1531-32 (11th Cir. 1990) ("It is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court."). In light of plaintiff's uncontroverted showing that she cannot properly respond to defendant's argument about the number of its employees without first being permitted to conduct discovery on that topic, the Court agrees with plaintiff that it would be unfair and inappropriate at this time to convert defendant's Motion to Dismiss into a Rule 56 Motion. Accordingly, in its discretion, the undersigned **denies** defendant's request that its Motion to Dismiss be converted into a Motion for Summary Judgment and **declines** to consider any matters outside the four corners of the pleadings in ruling on the pending dispositive motion. Of course, without the Patel Affidavit (which is outside the pleadings), defendant's Motion fails on its face because the Complaint specifically alleges that defendant has a sufficient number of employees to be deemed an employer for purposes of Title VII and the ADA.

For all of the foregoing reasons, defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (doc. 7) is **denied**, without prejudice to defendant's ability to renew such motion (including specifically its objection that it lacks sufficient employees to qualify as an "employer" under the federal civil rights statutes at issue herein) following a reasonable opportunity for plaintiff to conduct discovery on the underlying facts pertinent to defendant's "employer" status.

DONE and ORDERED this 3rd day of November, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE